**Richard STOREK and Craig Storek, As Trustees of the Wencil C. Storek Trust, Plaintiffs–Appellants,**

v.

**FIDELITY & GUARANTY INSURANCE UNDERWRITERS, INC., et al., Defendant–Appellee.**

No. 07–16688.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2009.

Filed March 20, 2009.

C. Judith Johnson, Esquire, Camerlengo & Johnson, Burlingame, CA, Jennifer M. Sike, Esquire, Camerlengo & Johnson, Burlingame, CA, for Plaintiff–Appellant.

C. Judith Johnson, Esquire, Jennifer M. Sike, Esquire, Marc J. Derewetzky, Esquire, Alison F. Greene, Esquire, Morison Ansa Holden Assuncao & Prough, LLP, Walnut Creek, CA, for Plaintiff–Appellant.

Before: McKEOWN and IKUTA, Circuit Judges, and WALTER,* Senior District Judge.

MEMORANDUM **

The district court did not err in granting summary judgment in favor of Fidelity and Guaranty Insurance Underwriters, Inc. ("FGIU") on Appellants' duty to defend claim. There is no evidence establishing FGIU's duty to defend Appellants against the allegations contained in the underlying cross-complaint because the facts asserted therein, considered along with the extrinsic evidence, do not establish a potential for coverage. *See Montrose Chem. Corp. v. Superior Court.*, 6 Cal.4th 287, 300, 24 Cal.Rptr.2d 467, 861 P.2d 1153 (Cal.1993); *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 276–77, 54 Cal.Rptr. 104, 419 P.2d 168 (1966) ("An insurer ... bears a duty to defend its insured whenever it ascertains facts which give rise to the *potential of liability* under the policy") (italics supplied). The facts alleged in the underlying cross-complaint simply do not encompass the type of personal injuries— defamation and wrongful eviction—covered

* The Honorable Donald E. Walter, Senior United States District Judge for the Western District of Louisiana, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

by the policy. As we held in *Upper Deck Co., LLC v. Fed. Ins. Co.*, 358 F.3d 608, 615–616 (9th Cir.2004), "[m]ere speculation that the plaintiffs could or will allege such facts does not give rise to a duty to defend." In other words, an insurer has no duty to defend against claims that are merely hypothetical and conjectural in nature. Furthermore, even if we agreed that the complaint raised a claim for personal injury of the sort described by Appellants, it appears that such claim would be excluded by Exclusion (U) of the policy.

Nor did the district court err in granting FGIU's motion for summary judgment on Appellants' claim of bad faith. In the absence of a duty to defend, "there can be no action for breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer." *Waller v. Truck Ins. Exchange*, 11 Cal.4th 1, 36, 44 Cal.Rptr.2d 370, 900 P.2d 619 (Cal.1995).

**AFFIRMED.**